J. R. RAIBLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

Docket No. 15694.   Promulgated February 13, 1930.

*L. L. Campbell, Esq.*, for the petitioner.
*Harry Leroy Jones, Esq.*, for the respondent.

## OPINION.

BLACK: The taxable period in controversy is from February 26, 1920, to June 30, 1920. During this period the petitioner was affiliated with four subsidiary corporations by reason of its ownership of all the capital stock of the subsidiaries. The combined authorized and outstanding capital stock of the affiliated companies was $125,000 divided as shown in the stipulated facts, and in addition thereto the surplus accounts of the corporations were as stated in the stipulation.

Petitioner claims that in determining its excess-profits tax it is entitled to an invested capital of $148,036.73, arrived at by adding together the authorized and outstanding capital stock and surplus of each of the affiliated corporations, and complains that respondent only allowed the affiliated group as invested capital the invested capital of the petitioner, the parent corporation, in the sum of $20,- 521.66. There is nothing in the record to show how the respondent determined the amount of the invested capital. We have not been furnished with the statement that usually accompanies a deficiency letter, nor has the Bureau letter of February 9, 1926, referred to in

the deficiency letter, been filed or included in the stipulation of facts.

Petitioner has apparently proceeded upon the idea that authorized and outstanding capital stock and invested capital are the same, but this is not the law. Under section 326, Revenue Act of 1918, "invested capital" means cash, or property at its actual cash value, bona fide paid in for stock or shares; and certain paid-in or earned surplus and undivided profits. *La Belle Iron Works* v. *United States*, 256 U. S. 377; *Guarantee Construction Co.*, 2 B. T. A. 1145.

There is nothing before us to show what the actual invested capital of this group of corporations was. It is possible that the full par value was paid and received for some of the capital stock. Some may have been issued for intangibles, in which event under section 326 (a) (5) they could not be counted at a greater value than 25 per cent of the total outstanding capital stock of the corporation, and some may have been received as stock dividends. Under these circumstances we can not assume that outstanding authorized capital stock and invested capital are the same. If invested capital of petitioner for the taxable year was greater than that which the Commissioner has allowed, petitioner should have proved it.

We can not assume the facts and petitioner has failed to prove what the invested capital of the affiliated group was.

*In American Bond & Mortgage Co.*, 15 B. T. A. 264, we said:

We can not make assumptions as to the facts, and in the absence of evidence to show that the determination of the respondent is erroneous in amount, we must approve his determination, although it is shown that it is based on an erroneous principle.

*Judgment will be entered for the respondent.*